**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA**

| | |
|---|---|
| **TAYLOR SPORVEN**,<br>C/o Cornerstone Law Firm<br>8350 N. St. Clair Ave. #225<br>Kansas City, MO 64151<br><br>On behalf of herself and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**SAFE HAVEN SECURITY SERVICES, INC.**<br>4611 South 96th Street,<br>Omaha, NE 68127.<br><br>    Defendant. | Case No. _____ |

**PLAINTIFF'S COMPLAINT FOR DAMAGES
Collective Action Under the FLSA And Wage-Related
Class Claims Pursuant to Fed. R. Civ. P 23**

COMES NOW Plaintiff Taylor Sporven, on behalf of herself and a class of others similarly situated, and for their cause of action against Defendant Safe Haven Security Services, Inc. state as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Taylor Sporven, individually and on behalf of others similarly situated, by and through undersigned counsel, brings this class and collective action against Defendant Safe Haven Security Services, Inc. ("Defendant").

2. Plaintiff was formerly employed for Defendant as a sales representative.

3. Plaintiff brings this case to recover unpaid wages, including straight time wages and overtime wages with related penalties and damages. Defendant's primary function is to sell

1

residential security systems to homeowners and lessees and perform installations of those systems after the sale. Defendant is the largest ADT authorized dealer in the United States of America. Defendant has a policy and practice of refusing to pay its employees for all hours worked on behalf of the company. Defendant not only encourages its employees to "work off the clock", it knowingly allows its employees to work "off the clock" without compensation.

4. Defendant has failed and continues to fail to compensate Plaintiff and all other similarly situated sales representatives appropriately for time worked on behalf of Defendant.

5. Defendant's pay practices are in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Nebraska Wage Payment and Collection Act, Neb.Rev.Stat. §§ 48-1228, *et seq.* ("Nebraska Wage Act"), and Nebraska common law.

6. Defendant's violations of the FLSA provide the basis for a nationwide wage-related collective action claim pursuant to 29 U.S.C. § 216 (b).

7. Defendant's violations of the Nebraska Wage Act and Nebraska common law provide the basis for statewide class action claims pursuant to Fed. R. Civ. P. 23.

## PARTIES

8. Plaintiff Taylor Sporven is a female citizen of the United States, residing in Omaha, Nebraska. Plaintiff Sporven worked at Defendant's place of business in Omaha, Nebraska, for approximately one year (2018-2019). During this timeframe, Plaintiff worked as a sales representative and did not manage any employees. Plaintiff's only job was to sell security systems.

9. Defendant is a Missouri corporation, actively conducting substantial and continuous business in Nebraska with its registered office located at 4611 South 96th Street, Omaha, NE 68127.

10. At all times relevant, Defendant employed Plaintiff and other similarly situated sales representatives in states including but not limited to: Alabama, Arizona, California, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Louisiana, Maryland, Michigan, Missouri, Minnesota, Mississippi, Nebraska, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, and Washington.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA.

12. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

13. The United States District Court for the District of Nebraska has personal jurisdiction over Defendant because Defendant conducts substantial and continuous business within this District and the acts that give rise to these claims arose, in part, in this District.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Nebraska, and the cause of action set forth herein has arisen and occurred, in part, in the District of Nebraska.

## COLLECTIVE AND CLASS ALLEGATIONS

15. Defendant is an "employer" pursuant to the FLSA and the Nebraska Wage Act.

16. At all times relevant, Defendant was engaged in interstate commerce by selling and installing security systems to customers throughout the United States and across state lines.

17. At all times relevant, Defendant's employees were engaged in commerce in that they were handling, selling, installing or otherwise working on goods or materials that have been moved in or produced for commerce by Defendant and/or for Defendant.

18. Defendant's annual gross volume of sales made or business done is not less than $500,000.00.

19. Plaintiff and other similarly situated employees hold or held the position of sales representative.

20. Defendant's posted job announcement for all sales representatives provided, in pertinent part, is as follows:

> Whether you're a fresh college graduate or you've never even been to college, this position allows you to be recognized for your performance and be rewarded financially for your achievements. … You must be comfortable making heavy volume calls per day, working with channel partners, generating interest, qualifying prospects, closing sales and achieving goals.
>
> Responsibilities [include] source new sales opportunities through inbound lead follow-up and outbound cold calls and emails. Close sales and achieve weekly/monthly/quarterly quotas. Team up with channel partners to build pipeline and close deals.
>
> Qualifications [are] proven sales experience, with track record of over-achieving quota. Strong phone presence and experience with heavy volume of calls per day

21. Defendant's sales representatives are not required to have any formal education.

22. Sales representatives do not supervise other employees.

23. The primary job duty of the sales representative position is to sell security systems for Defendant.

24. Sales representatives do not have a primary duty of the management of the enterprise in which the salespeople are employed.

25. Sales representatives do not have the authority to hire and/or fire other employees.

26. Sales representatives are not management employees.

27. Sales representatives do not serve an administrative role.

28. Sales representatives do not make sales at the customer's place of business or at the customer's home.

29. The sales representative position does not require knowledge of an advanced type in a field of science or learning customarily acquired by prolonged course of specialized intellectual instruction.

30. The sales representative position does not require invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

31. Sales representatives received compensation at a rate of approximately $12.00 per hour and therefore are not "highly compensated employees" as defined in 29 C.F.R. § 541.601.

32. In order to sell security systems, Plaintiff and other similarly situated sales representatives are required to build relationships with realtors in the area.

33. Because realtors showed houses and worked hours that were not standard 9:00 a.m. to 5:00 p.m., Plaintiff and other similarly situated sales representatives frequently worked hours outside regular business hours, to include late nights, early mornings and weekends.

34. Defendant required Plaintiff and other similarly situated sales representatives to be available to Defendant's management and Defendant's clients each day, at all times.

35. Defendant did not pay Plaintiff and other similarly situated sales representatives for all of their time spent working on behalf of Defendant.

36. Defendant's policy was to allow Plaintiff and other similarly situated sales representatives to work "off the clock" and without compensation.

37. Defendant created a culture which ensured that Plaintiff and other similarly situated sales representatives knew that only "serious" employees who worked significant hours beyond their 40-hour work week would grow within the company.

38. Defendant created a culture that required Plaintiff and other similarly situated sales representatives to pick up the phone and talk to their supervisors or Defendant's clients, even if Plaintiff and other similarly situated sales representatives were not on the clock and getting compensated for their time.

39. Defendant trained Plaintiff and other similarly situated sales representatives to believe that, as sales representatives, they were running their "own business" and the more they worked, the more they would earn.

40. Defendant had expectations that Plaintiff and other similarly situated sales representatives "donate" time worked to ensure their future success.

41. Defendant encouraged Plaintiff and other similarly situated sales representatives to work off the clock to make sales. If a sale was made, the employee would receive commission, but they would not receive compensation for their hours worked at their hourly rate. If a sale was not made, the employee would receive no compensation for the hours worked on behalf of Defendant.

42. Plaintiff and other similarly situated sales representatives worked on behalf of Defendant before their shifts, during lunch, after their shifts and on weekends without being compensated for the work performed.

43. Plaintiff and other similarly situated sales representatives worked from home on their own personal cell phones.

44. Defendant agreed to pay Plaintiff and other similarly situated sales representatives one and a half times their regular rate of pay for all hours worked in excess of forty each week.

45. Defendant's leadership trained all its employees—regardless of location—with the same principles, practices, and culture.

46. While employed by Defendant, Plaintiff and other similarly situated sales representatives were not otherwise exempt from the requirements of the FLSA or the Nebraska Wage Act.

47. Plaintiff brings Count I as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), seeking relief on a collective, nationwide basis challenging Defendant's practices of systematically failing to pay them for overtime hours.

48. Plaintiff brings Count II (unjust enrichment) as a statewide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this claim individually and on behalf of all persons who are, were, or will be employed by Defendant as sales representatives in Nebraska within five (5) years from the commencement of this action who have not been compensated at the applicable wage rate(s), including for straight time and overtime. Plaintiff seeks relief on a class basis challenging Defendant's failure to properly pay all wages due thereby deriving an unfair benefit from the unlawful failure to pay all wages due and owing to sales representatives.

49. Plaintiff brings Count III (breach of contract) as a statewide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this claim individually and on behalf of all persons who are, were, or will be employed by Defendant as sales representatives in Nebraska within five (5) years from the commencement of this action who have not been compensated at the applicable wage rate(s), including for straight time and overtime. Plaintiff seeks relief on a class basis challenging Defendant's failure to pay all wages due under state/federal law and/or in violation of contract.

50. Plaintiff brings Count IV (violation of Nebraska Wage Act) as a statewide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this claim individually and on behalf of all persons who are, were, or will be employed by Defendant as sales representatives in Nebraska within three (3) years from the commencement of this action who have not been compensated at the applicable overtime rate(s). Plaintiff seeks relief on a class basis challenging Defendant's failure to pay overtime compensation for hours worked in excess of forty in a workweek.

51. Plaintiff's Unjust Enrichment, Breach of Contract, and Nebraska Wage Act claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

52. The classes satisfy the numerosity standards on the good faith belief that the class will number over one thousand (1,000) individuals. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail, electronic mail and by telephone.

53. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendant had policies and practices of failing to compensate Plaintiff and the classes for all time worked;

   b. Whether members of the classes were compensated for all time spent performing work-related tasks;

   c. Whether Defendant violated the law when it failed to pay the classes for all hours worked;

  d. Whether Defendant knew or had reason to know such policies and compensation practices were unlawful;

  e. Whether Defendant retained a benefit from such unlawful policies and compensation practices;

  f. Whether Defendant's conduct gives rise to claims for Unjust Enrichment and Breach of Contract;

  g. Whether Defendant's conduct violated the Nebraska Wage Payment Act by failing to pay overtime compensation for hours worked each week in excess of forty; and

  h. Whether Defendant has maintained a lawful timekeeping system.

54. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

55. The claims of the putative class members are typical in that class members have been employed and paid pursuant to the same compensation structure and were subject to the same or similar unlawful practices.

56. A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

57. Plaintiff, acting as representative for the class, is an adequate representative of the class because her interests do not conflict with the interests of the members of the class she seeks

to represent. The interests of the law class will be fairly and adequately protected by Plaintiff and undersigned counsel, who has experience in employment and class action lawsuits.

58. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

### COUNT I – FAILURE TO PAY OVERTIME WAGES
### (violation of 29 U.S.C. § 207)

59. Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

60. Plaintiff and other similarly situated sales representatives worked hours in excess of forty per week but were not paid overtime pay for all hours worked in excess of forty, as required by the FLSA. Said employees are hereinafter referred to as "the FLSA class." The FLSA class includes all individuals employed as sales representatives for Defendant on a nationwide basis with the exception of those individuals who have opted in to the collective action against Defendant pending in the United States District Court for the Western District of Missouri, case number 4:19-cv-00063-ODS.

61. Plaintiff brings this Count as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the FLSA class who have been employed by Defendant at any time within the past three (3) years.

62. Members of the FLSA class are similarly situated in that they:

    a. are sales representatives;

      b. worked in excess of (40) hours per week as an integral and indispensable part of the principle activities of performing their job;

      c. are all subject to Defendant's same compensation policies; and

      d. worked in excess of forty (40) hours per week without receiving overtime pay as required by the FLSA.

63. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

64. Members of the FLSA class were employed by Defendant as sales representatives in states including but not limited to: Alabama, Arizona, California, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Louisiana, Maryland, Michigan, Missouri, Minnesota, Mississippi, Nebraska, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, and Washington.

65. The names and addresses of members of the FLSA class are available from the Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail, by telephone, and electronic mail and/or by the use of techniques (including a form of notice) similar to those customarily used in representative and collective actions.

66. Defendant failed to compensate the FLSA class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA.

67. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68. The FLSA class seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

69. The FLSA class seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, on behalf of herself and the proposed FLSA class, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed FLSA class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the FLSA class;

c. An award of damages for heretofore unpaid overtime compensation due for the FLSA class;

d. Liquidated damages, to be paid by Defendant; or

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

g. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II – UNJUST ENRICHMENT
### (violation of Nebraska law)

70. Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

71. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and the putative class.

72. Defendant benefited from unpaid work performed by Plaintiff and the putative class members by retaining monies that were due and owing pursuant to state/federal law and/or pursuant to the parties' agreement.

73. The putative class expected to be compensated in accordance with the law and/or the parties' agreement.

74. Defendant intentionally refused to pay Plaintiff and putative class members at the proper rate for all hours worked. Defendant knows or should know that it is required to pay the putative class for all hours worked as all persons are presumed to know and are bound to take notice of general public laws of the country or state where they reside as well as the legal effect of their acts. Such wrongful conduct demonstrates bad faith on the part of Defendant.

75. Defendant's conduct was willful inasmuch that Plaintiff and putative class members are entitled to punitive damages.

76. It is unjust for Defendant to retain the benefits from the unpaid work performed by the putative class, including for straight time work and overtime work.

WHEREFORE Plaintiff individually and on behalf of the putative class prays for relief as follows: (a) Certify the state law claim set forth in Count II as a class action pursuant to Fed. R. Civ. P. 23; (b) Order Defendant to disgorge the value of their ill-gained benefits to the putative class; (c) An award of pre-judgment and post-judgment interest as provided by law; (d) for punitive

damages and (e) and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT III – BREACH OF CONTRACT
### (violation of Nebraska law)

77. Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

78. An implied employment agreement existed between each member of the putative class and Defendant, the terms and conditions of which include, but are not limited to, an agreement by the putative class to perform services for Defendant and an agreement by Defendant to pay the putative class at a lawful rate for all work performed.

79. The agreement was made between parties capable of contracting and contained mutual obligations and valid consideration. The putative class has performed all conditions precedent, if any, required of the putative class under the implied agreement.

80. Defendant failed and refused to perform its obligations in accordance with the terms and conditions of the implied agreement by failing to compensate the putative class for all time worked on behalf of Defendant.

81. Defendant's conduct was willful inasmuch that Plaintiff and putative class members are entitled to punitive damages.

82. Defendant owes Plaintiff and members of the putative class compensation for straight time and overtime.

83. As a result of Defendant's breach, the putative class was thereby damaged in an amount to be determined at trial.

WHEREFORE, the putative class prays for relief as follows: (a) Certify the state law claim set forth in Count III as a class action pursuant to Fed. R. Civ. P. 23; (b) Order Defendant to

disgorge the value of their ill-gained benefits to the putative class; (c) An award of pre-judgment and post-judgment interest as provided by law; (d) for punitive damages; and (e) and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT IV – FAILURE TO PAY OVERTIME
### (violation of the Nebraska Wage Act)

84. Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

85. Defendant agreed to pay Plaintiff and the putative class overtime wages for all hours worked in excess of forty each week.

86. Defendant willfully failed to pay Plaintiff and the putative class overtime wages for all hours worked in excess of forty each week.

87. As a result of Defendant's conduct, Plaintiff and the putative class are entitled to all overtime wages they are owed, as well as costs and attorney's fees they have expended in bringing this action to recover their unpaid wages.

88. Due to Defendant's willful and improper conduct, Plaintiffs and the putative class are entitled to an amount equal to two times the amount of unpaid wages as provided in Neb.Rev.Stat. § 48-1232.

WHEREFORE Plaintiff individually and on behalf of the putative class prays for relief as follows: (a) Certify the state law claim set forth in Count IV as a class action pursuant to Fed. R. Civ. P. 23; (b) an award of damages for unpaid overtime compensation; (c) An award of pre-judgment and post-judgment interest as provided by law; (d) for punitive damages; and (e) and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

**DEMAND FOR BENCH TRIAL AND DESIGNATION OF TRIAL**

Plaintiff requests a bench trial on all claims alleged herein. Plaintiff designates the United States District Court for the District of Nebraska at Omaha as the place of trial.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Marc N. Middleton
    Marc N. Middleton    NE 25578
    m.middleton@cornerstonefirm.com
    Ryan M. Paulus    #59712
    r.paulus@cornerstonefirm.com
    Megan Lowe Stiles    #69202
    m.stiles@cornerstonefirm.com
    8350 N. St. Clair Ave., Ste. 225
    Kansas City, Missouri 64151
    Telephone    (816) 581-4040
    Facsimile    (816) 741-8889
    ATTORNEYS FOR PLAINTIFFS