IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TAYLOR SPORVEN, on behalf of herself and those similarly situated,

Plaintiff,

vs.

SAFE HAVEN SECURITY SERVICES, Inc.,

Defendant.

4:20CV3032

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' unopposed motion for conditional class certification. Filing No. 17. This is a putative collective action for recovery of wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 *et seq*. ("Nebraska Wage Act"), and Nebraska common law. The plaintiff seeks conditional certification to send notice to putative class members to give them the opportunity to opt-in to this action, toll the statute of limitations, and pursue their claims against Defendant for overtime pay.

Under 29 U.S.C. § 216(b), "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The sole consequence of conditional certification under § 216 is the sending of court-approved written notice to employees who in turn become parties to a collective action only by filing written consent with the court. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1043 (2016) (assuming, without deciding that the that the standard for certifying a collective action

under the FLSA is no more stringent than the standard for certifying a class under the Federal Rules of Civil Procedure). The court overseeing the action has discretion to authorize the sending of notice to potential plaintiffs, informing them of the opportunity to opt in. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989). In the notice, the court must respect judicial neutrality and avoid even the appearance of endorsing the action's merits. *Id.* at 174.

Courts in this circuit typically apply a two-step certification process in proposed class actions. *Del Toro v. Centene Mgmt. Co., LLC*, No. 4:19-CV-02635-JAR, 2020 WL 2085650, at *2 (E.D. Mo. 2020). "At the first stage, conditional certification, courts typically apply a lenient standard that requires 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Id.* (quoting *Beasely v. GC Servs. LP*, 270 F.R.D. 442, 444 (E.D. Mo. 2010)). "'Then, at the second stage—near or after the close of discovery—'the court makes a factual determination as to whether the members of the conditionally certified class are similarly situated' and makes the associated legal determination as to whether the members may proceed as a formal class.'" *Del Toro*, 2020 WL 2085650, at *2 (quoting *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)).

The plaintiff alleges that the putative class members are similarly situated and are subject to the defendant's policy that requires salespeople to work overtime without being properly compensated. The motion is unopposed. Accordingly, applying the lenient standard used at this early stage, the Court finds this action should be conditionally certified as a collective action. The plaintiff also submits a proposed notice that conforms to FLSA standards and the court approves that form of notice.

IT S ORDERED:

1. Plaintiff's conditional motion for certification (Filing No. 17) is granted.

2. This action is conditionally certified as a as a collective action consisting of:

    > Current or former inside sales representatives employed by the defendant at any time from August 7, 2017 to the present, at any location (nationwide) except for those inside sales representatives who work or worked at the defendant's office in North Kansas City, Missouri.

3. Plaintiff Taylor Sporven is designated as the collective class representative;

4. Plaintiff's counsel, Cornerstone Law Firm is approved to act as collective class counsel in this action;

5. The defendant shall provide Plaintiff's counsel with a computer readable data file containing the name, dates of employment, last known telephone number, last known address, and last known email address for each such current and former inside sales representative employed at any location other than North Kansas City at any time from August 7, 2020 to the present;

6. Plaintiff is authorized to send notice of this case in substantively the same form as Exhibit 1 (Filing No. 18-1) by U.S. Mail and electronic mail to all current and former inside sales representatives employed by the defendant at any location outside of Kansas City, Missouri, at any time from August 7, 2017 to the present;

7.  Pursuant to the parties' agreement (Filing No. 17, Motion at n.1), other than for the purposes of disseminating the initial notice or a second notice, neither party shall contact any of the Putative Collective Class Members for the purpose of discussing the subject matter of or their participation in this lawsuit through the end of the opt-in period of date.

Dated this 9h day of September, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge