IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAYLOR SPORVEN, on behalf of herself and those similarly situated, | **8:20CV3032** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| SAFE HAVEN SECURITY SERVICES, Inc., | |
| Defendant. | |

This matter is before the Court on the parties' joint motion for class settlement approval and for an order certifying the collective class for settlement purposes, Filing No. 43. This is a putative collective action for recovery of wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 *et seq.* ("Nebraska Wage Act"), and Nebraska common law.

I.     BACKGROUND

On September 9, 2020, this Court conditionally certified a class consisting of "[c]urrent or former inside sales representatives employed by the defendant at any time from August 7, 2017 to the present, at any location (nationwide) except for those inside sales representatives who work or worked at the defendant's office in North Kansas City, Missouri." Filing No. 19, Memorandum and Order at 3. The Court authorized notice to potential class members to afford them an opportunity to opt into this action to pursue their claims against the defendant for overtime pay. *Id.* Further, the Court designated plaintiff Taylor Sporven to act as the collective class representative and approved

1

Cornerstone Law Firm is to act as collective class counsel. *Id.* Forty-seven present or former employees opted in. Filing Nos. 24-34, Notices; *see also* Filing No. 43-1, Ex. 1, Collective Action Settlement and Release ("Settlement Agreement"); Filing No. 43-3, Ex. A, Settlement Class List.

The parties have agreed to settle the claims. Filing No. 43-1, Agreement. The Settlement Agreement provides compensation in the aggregate total of $173,136.26 to the Settlement Class, which encompasses forty-seven individuals.[1] *Id.* at 2; Filing No. 43-4, Ex. B, Payment Allocation. The average payment to each class member is $3,524.18. *Id.* The parties agreed to negotiate attorneys' fees and cost separately and in addition to the Settlement Payment. Filing No. 43-1, Ex. 1, Settlement Agreement at 5. The Settlement Payment and accompanying allocation among class members provides that each member of the Settlement Class will receive payment of the equivalent of five hours of overtime work for each week said class member worked for the defendant during the Class Period, plus an equal amount apportioned for statutory liquidated damages. *Id.*; Filing No. 43-4, Ex. B, Payment Allocation. Additionally, the Settlement Payment includes an incentive payment in the amount of $7,500.00 to the named Plaintiff, Taylor Sporven. Filing No. 43-1, Ex. 1, Settlement Agreement at 5. In exchange for the Settlement Payment, the Settlement Class Members will release all wage and hour claims they asserted or could have asserted against the defendant. *Id.* at 6.

II.     LAW

At the conditional certification stage, courts apply a lenient standard. *Del Toro v. Centene Mgmt. Co., LLC*, No. 4:19-CV-02635-JAR, 2020 WL 2085650, at *2 (E.D. Mo.

---

[1] The Settlement Agreement's definitions are incorporated by reference in this Order, and capitalized terms have the same meaning as in the Settlement Agreement.

2020).   "'Then, at the second stage—near or after the close of discovery—'the court makes a factual determination as to whether the members of the conditionally certified class are similarly situated' and makes the associated legal determination as to whether the members may proceed as a formal class.'" *Del Toro v. Centene Mgmt. Co., LLC*, No. 4:19-CV-02635-JAR, 2020 WL 2085650, at *2 (E.D. Mo. Apr. 30, 2020) (quoting *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)).

Under 29 U.S.C. § 216, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them, or in a private FLSA enforcement action, district courts may approve settlements resulting from contested litigation over a bona fide dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see* 29 U.S.C. § 216(b)&(c).   The Court should approve a private settlement only "after scrutinizing the settlement for fairness." *Id.*

The standard for court approval is straightforward: a district court should approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a bona fide dispute under the FLSA. *Id.* at 1354.   Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in an arms' length settlement as indicia of fairness. *Id.* If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* "In evaluating the settlement, the Court 'should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.'" *In re BankAmerica Corp. Securities Litig.*,

3

210 F.R.D. 694, 700 (E.D. Mo. 2002) (quoting Fed. Judicial Ctr., Manual for Complex Litig. § 30.42 at 240 (3d. ed.1997)).

III.    DISCUSSION

The Court first finds that the members of the conditionally certified class are similarly situated and the class members may proceed as a formal settlement class.  The Court next finds that the parties' settlement is a reasonable resolution of a bona fide dispute in contested litigation.  The settlement class alleges that defendant failed to pay overtime for hours worked by class members off-the-clock.  The defendant denies it engaged in any wrongdoing and maintains that maintains that it complied at all times with the FLSA.  The parties agree that the defendant produced more than 16,500 pages of compensation data and timesheets for the forty-seven class members who opted into this action and Class Counsel analyzed those documents before engaging in settlement negotiations.

The parties have shown that the settlement in this case was influenced by another action involving allegations of unpaid overtime hours allegedly worked off the clock by defendant's sales representatives.  *See Martin v. Safe Haven Security Servs.*, No. 19-CV-00063-ODS, 2020 WL 4816418 (W.D. Mo. Aug 19, 2020).  That case involved the defendant's Kansas City office locations, whereas this action involves similar allegations in the defendant's other offices.  *See id.*  In *Martin*, after extensive motion practice, written discovery, depositions, and two mediations, the district court approved a similar settlement.  *Id.* at *2.  The Court concluded that

> [T]he settlement is in the best interests of the Settlement Class members and should be approved, especially in the light of the benefits to the Settlement Class members accruing therefrom, the substantial discovery and investigation conducted by Plaintiffs' counsel prior to the parties'

4

settlement, and the complexity, expense, risk, and probable protracted duration of further litigation. The Court also determines the consideration provided under the Settlement Agreement constitutes reasonable and fair value given in exchange for the release of claims against Defendant considering the disputed issues, circumstances, defenses, and the potential risks and likelihood of success of pursuing litigation. The Court also approves the settlement in accordance with the FLSA. 29 U.S.C. § 217.

*Id.*; *see also* Filing No. 43-2, Ex. 2, *Martin* docket report.

The parties have shown in this case that a full and fair compromise at this juncture is more beneficial to the class members and the defendant, given the time, expense, and uncertainty of further litigation. Also, as shown in *Martin*, objective evidence of the precise number of uncompensated hours each class member allegedly worked off the clock is lacking. The Settlement Agreement obviates the real risks to both parties that are inherent the continued litigation of the matter.

In view of the *Martin* case and the fact that the defendant produced relevant discovery enabling Class Counsel herein to adequately assess damages for the Settlement Class, the Court finds that the settlement is fair and reasonable. The parties have shown the Settlement Agreement is the product of arm's-length negotiations by experienced counsel and it provides meaningful monetary relief to the Settlement Class. The Settlement Payment offers Class members a settlement amount proportionate to the time they spent working for the defendant at their respective hourly rates.

Also, the parties agree that the Ms. Sporven materially assisted in the initiation of this action and provided valuable assistance to Class Counsel. The Court finds the amount of $7,500 should be allocated from the Settlement payment to plaintiff Taylor Sporven, in recognition of her efforts to pursue the claims on behalf of the Settlement class. Further, the plaintiff seeks costs and attorneys' fees associated with this action

and the defendant has agreed to pay those costs and fees within 60 days of the date of this order.

IT IS ORDERED

1.  The parties' joint motion for class settlement approval and for an order certifying the collective class for settlement purposes (Filing No. 43) is granted.

2.  A collective settlement class is certified consisting of: Current or former inside sales representatives employed by the defendant at any time from August 7, 2017 to the present, at any location (nationwide) except for those inside sales representatives who work or worked at the defendant's office in North Kansas City, Missouri.

3.  Plaintiff Taylor Sporven is designated as the collective class representative and plaintiff's counsel, Cornerstone Law Firm, is approved as collective class counsel in this action.

4.  The parties Settlement Agreement (Filing No. 43-1) is approved and is incorporated herein as if fully set forth.

5.  A service award of $7,500.00 to plaintiff Taylor Sporven is approved.

5.  The Court retains jurisdiction to enforce the terms of the agreement.


Dated this 27th day of July 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge